UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:05-cr-49-FtM-33SPC

CARNESTER LEE ELLIS
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant Carnester Lee Ellis's Motion for Post Conviction Relief (Doc. #154) filed on December 10, 2007.  For the reasons set forth below, the motion will be granted in part.

     Defendant seeks an amended judgment reflecting 584 days of credit.  This request will be denied.  Defendant's reliance on Florida Statute § 973.155 is misplaced because that state statute does not apply in federal court. Additionally, the issue of credit is for the Bureau of Prisons, not the Court, and defendant has already been given 584 days of credit by the Bureau of Prisons. This does not result in an amendment to the judgment.

     Defendant also asserts that the Court erred in sentencing him pursuant to a Rule 35(b) motion filed by the government in light of defendant's substantial assistance.  The Court has caused a transcript of a portion of the December 6, 2006 sentencing hearing to be transcribed and will direct that the original be filed and a copy appended to this Opinion and Order.  At the sentencing the Court sentenced defendant to 120 months imprisonment, and

essentially stated that under the circumstances of this case when the Rule 35 motion was filed the Court would not start at the mandatory minimum (120 months) but would start at 78 months and depart downward from that point. The government filed its Rule 35 motion (Doc. #147) on April 11, 2007. The Court's May 10, 2007, Order (Doc. #151) granted the motion but, contrary to its prior oral statement at sentencing, began its downward departure at the 120 month level and sentenced defendant to 87 months.

Sentencing is defined as "the oral announcement of the sentence." FED. R. CRIM. P. 35(c). The Court has the authority to correct errors at any time under Federal Rule of Criminal Procedure 36 to ensure that a judgment is in accord with the oral sentence. <u>United States v. Portillo</u>, 363 F.3d 1161, 1164-65 (11th Cir. 2004)(citations omitted). Consistent with its oral statements at sentencing, the Court should have started at the three level downward departure from defendant's base offense level of 27 (78-97 months). A three level reduction results in a base offense level of 24, which at criminal history category II results in a sentencing guideline range of 57-71 months. The Court finds that a sentence of 57 months imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a) after considering defendant's substantial assistance in addition to the previously considered advisory recommendation of the Sentencing Guidelines and all the factors identified at 18 U.S.C. § 3553(a)(1)-(7). All other

components of the original sentence shall remain as originally imposed.

Accordingly, it is now

**ORDERED**:

1. Defendant Carnester Lee Ellis's Motion for Post Conviction Relief (Doc. #154) is **GRANTED IN PART** as set forth above and is otherwise **DENIED.**

2. The Clerk of the Court shall enter a Second Amended Judgment reducing the sentence imposed to 57 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of December, 2007.

JOHN E. STEELE
United States District Judge

Copies:
U.S. Attorney (Molloy)
Carnester Lee Ellis
U.S. Probation
U.S. Marshal
DCCD

Jack Gather
Regional Inmate System Administrator
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331